**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO LOPEZ, | CASE NO. 1:10-cv-00577-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| JAMES D. HARTLEY, et al., | |
| Defendants. | |

Plaintiff Gerardo Lopez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Avenal State Prison ("ASP") in Avenal, California. Plaintiff names James D. Hartley, T. Allen, L. Warren, T. Ruiz, T. Kraemer, A. Matheuex, N. Lopez, and Harter as defendants ("Defendants"). For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff's complaint will be dismissed with leave to file an amended complaint that cures the deficiencies identified in Plaintiff's claims.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Background**

Plaintiff's one-paragraph complaint alleges:

> Correctional personell[sic] being falsifying legal papers, reports, manuscripts, and reports from the incidents between inmates as well violating the time frame due process, overturned their filling[sic] reports procedures as well ours rights, like the denial of an investigators employees, and our statements privating[sic] our rights, so why not be investigated our judiciated an investigations for the warden and institutional officers because all the time they want to see us to be involved in serious riots and obligate to us to be part of all these kind of actions. Technically illegal decisions.

(Compl. 3, ECF No. 1.)

The remainder of Plaintiff's complaint consists of twelve pages of exhibits, such as administrative appeals and staff complaints. The attached documents appear to be related to a rules violation report that Plaintiff received for possession of a controlled substance. The documents state that Plaintiff filed appeals because he was found guilty of the rules violation, but could not speak English, was not given his Miranda Rights, and that prison officials violated various time constraints related to the rules violation hearing and notice.

### III. Discussion

#### A. Failure to State a Claim

Plaintiff's complaint fails to state any cognizable claims. Plaintiff's one-paragraph description of his claim is unclear. Plaintiff appears to be complaining about issues related to a rules violation report. However, Plaintiff fails to identify what each defendant did and fails to describe how he was injured from Defendants' actions.

Plaintiff is advised that his complaint must contain more than rambling and incoherent allegations and attached exhibits. Plaintiff's complaint must contain "a <u>short</u> and <u>plain</u> statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2) (emphasis added). "Each allegation must be <u>simple</u>, <u>concise</u>, and <u>direct</u>." Federal Rule of Civil Procedure 8(d)(1) (emphasis added). "A party must state its claims or defenses in <u>numbered paragraphs</u>, <u>each limited as far as practicable to a single set of circumstances</u>." Federal Rule of Civil Procedure 10(b) (emphasis added). "[E]ach claim founded on a separate transaction or occurrence . . . <u>must be stated in a separate count</u>." Federal Rule of Civil Procedure 10(b) (emphasis added).

Plaintiff's compliant "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Plaintiff's complaint must give Defendants' a fair opportunity to frame their defenses. It is very difficult to frame a defense to Plaintiff's allegations when Plaintiff does not set forth his causes of action with particularity.

Plaintiff's complaint will be dismissed with leave to amend. Plaintiff's amended complaint must clearly state <u>individually</u> for <u>each Defendant</u> 1) who that Defendant is; 2) what that Defendant did; 3) what right that Defendant violated; and 4) how that Defendant's actions violated that right. Plaintiff may not simply provide a narrative story recounting a series of injuries he suffered and include all Defendants with a vague allegation that his rights were violated. Defendants are not sued collectively and each Defendant is only liable for the injuries caused by his or her actions. See <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

Plaintiff's complaint will be dismissed with leave to amend. The Court will provide Plaintiff with the following substantive law that appears to be most relevant to the allegations made in his complaint. Plaintiff is advised that his amended complaint must allege facts that show how each defendant's actions meet the requirements outlined below for stating a claim under Section 1983.

### B.    Substantive Law

#### 1.    Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether a hardship is sufficiently significant enough to warrant due process protection, the Court looks to: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody and is thus within the prison's discretionary authority to impose, (2) the duration of the condition and the degree of restraint imposed, and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the

issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense). The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) "Some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added). However, the "some evidence" standard does not apply to where a prisoner alleges the rules violation report is false and retaliatory. Hines v. Gomez, 108 F.3d 265, 268-69 (9th Cir. 1997).

**2.    Claims Against Supervisory Personnel**

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld,

5

589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts to support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### C. Exhibits

Plaintiff is cautioned against attaching documents to his complaint as exhibits. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court will not allow Plaintiff to rely exclusively on exhibits for the presentation of the facts to his case. Plaintiff may not attach a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual information to construct a cognizable claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff; the Court will not perform the work for him. Although the Court will liberally construe Plaintiff's complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf. To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying exhibits to present those facts.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This Court will not serve as a repository for Plaintiff's evidence. Evidence should not be submitted to the Court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the Court. Further, if and when this action reaches an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper

time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations. Plaintiff is cautioned that improperly sending evidence to the Court may result in the evidence being lost or destroyed. Additionally, the Court will not return the exhibits to Plaintiff unless Plaintiff provides a postage paid return envelope. See Local Rule 101.

## IV. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   November 10, 2010**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE